**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| Brian Brumley**,** individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>  v.<br><br>SOUTHWESTERN HEALTH RESOURCES,<br><br>    Defendant. | ) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL PURSUANT TO 28. U.S.C. §§ 1441 AND 1453

PLEASE TAKE NOTICE that Defendant Southwestern Health Resources ("SHR" or Defendant"), hereby removes this state court action captioned *Brian Brumley, individually and on behalf of a class of similarly situated individuals v. Southwestern Health Resources*, Case No.: 23-20472, filed in the District Court of Dallas County, Texas, 192nd Judicial District, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

I.      BACKGROUND

1.      On December 8, 2023, Plaintiff Brian Brumley, individually and on behalf of a class of similarly situated individuals filed a Class Action Petition against Southwestern Health Resources, in the District Court of Dallas County, Texas, 192nd Judicial District (the "Petition"). A copy of the Petition is attached as Exhibit A to this Notice.

2.      The Summons and Petition was served on SHR on December 26, 2023. A copy of the Service of Process is attached as Exhibit B to this Notice.

3.      According to the Petition, Plaintiff is a citizen of Texas. Pet. ¶ 1.

4.      SHR is a Texas, nonprofit corporation headquartered in Farmers Branch, Dallas County, Texas. Pet. ¶ 2.

5.      In the Petition, Plaintiff alleges that SHR transmitted and disclosed Plaintiff and class members' PII/PHI to Meta Platforms, Inc. d/b/a Meta and/or Google LLC d/b/a Google via tracking pixels installed on SHR's and its subsidiaries websites. Pet. ¶ 7.

6.      Plaintiff asserts causes of action for (i) invasion of privacy; (ii) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and; (iii) unjust enrichment. Pet. ¶ 128-163.

7.      Plaintiff seeks to represent a putative class consisting of "[a]ll individuals located within the state of Texas who visited any website within Defendant's network and whose Private Information was disclosed to third parties through Meta Pixel and other related technology without their authorization." Pet. ¶ 115.

8.      Plaintiff seeks recovery for himself and members of the putative class of compensatory damages and statutory damages. Pet. ¶ 128-163.

9.      SHR has not filed a responsive pleading or otherwise responded to the Petition in the state court action.

10.     This Notice of Removal is timely because it has been filed within thirty (30) days of December 26, 2023, which is the date on which SHR was served with the Summons and Petition. See, Exhibit A and Exhibit B.

11.     Removal to this federal court is proper because it is the "district …embracing the place" in which the state court action is pending. 28 U.S.C. § 1441(a).

12.     SHR has conferred with Plaintiff's counsel regarding the filing of this removal and Plaintiff does not oppose the removal of the case.

## II.    GROUNDS FOR REMOVAL

13.     Jurisdiction in federal court is appropriate under 28 U.S.C. § 1331, Federal Question jurisdiction. According to Plaintiff's Petition, this action alleges violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et. seq.*, and "[w]hether Defendant's conduct was in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et. seq.*" as a common question of law and fact to Plaintiff and the Class. Pet. ¶ 120.

14.     Plaintiff clearly alleges the violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et. seq.*, on behalf of Plaintiff and the Class under federal law. Pet. ¶ 138-157.

15.     More specifically, Plaintiff alleges that "[a]s a result of Defendant's violation of the ECPA, Plaintiff is entitled to all damages under 18 U.S.C. § 2520, including statutory damages." Pet. ¶ 157.

16.     The legal issues underlying Count II of the Petition turn on the interpretation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and federal law to determine whether Defendant violated the Electronic Communications Privacy Act, 18 U.S.C. § 2510.

17.     Count II of the Petition raises a federal question. "Federal question jurisdiction exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Insurance Company*, 589 F.3d 168, 172 (5th Cir. 2009), *see Lakeside of Coppell v. Hurst*, 2023 WL 8881841 at *1 (N.D. Tex. 2023).

18.      Here, Plaintiff's Petition raises both a cause of action created by federal and a substantial question under federal law. Count II alleges a violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et. seq.*, which is a federal law of the United States. Resolution of this alleged violation of the Electronic Communications Privacy Act under the United States Code turns on federal law.

19.      In addition, Plaintiff's claim turns on the resolution of a substantial federal question, considering Plaintiff alleges "[w]hether Defendant's conduct was in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et. seq.*" as a question of law and fact common to the Class. Pet. ¶ 120. Undeniably Plaintiff asserts a substantial federal question.

20.      Therefore, this Court has original federal question subject matter jurisdiction of this action without regard to the amount in controversy. In addition, this Court has subject matter jurisdiction of this case and over the parties pursuant to 28 U.S.C. § 1331. Accordingly, this action may be removed to this Court, as provided under 28 U.S.C. § 1441(a), (b).

21.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the other state law causes of action in Plaintiff's Petition because these claims arise of out the same common nucleus of operative facts as Count II. Therefore, this Court may exercise supplemental jurisdiction over the invasion of privacy and unjust enrichment causes of action.

## III.    COMPLIANCE WITH REMOVAL STATUTES

22.      This Notice of Removal is properly filed in the United States District Court for the Northern District of Texas because the District Court of Dallas County is located within the Northern District of Texas. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

23.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(d).

24.    This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

25.    Pursuant to 28 U.S.C. § 1446(a), annexed hereto are copies of all process documents, pleadings served upon Defendant with respect to this action.

26.    Pursuant to 28 U.S.C. § 1446(d), copy of this Notice of Removal is being served upon counsel for Plaintiff, and upon filing this Notice of Removal in this Court, SHR will file a true and correct copy of the Notice with the Clerk of Court in District Court of Dallas County, Texas, 192nd Judicial District and will give written notice to Plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, Defendant SOUTHWESTERN HEALTH RESOURCES respectfully requests that this Court exercise jurisdiction over this action and enter Orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the District Court of Dallas County, Texas, 192nd Judicial District. Defendant further requests any and all such other and further relief as this Court deems just and proper.

Dated: January 19, 2024                    Respectfully submitted,

                                                             MULLEN COUGHLIN LLC

                                            By:_____
                                                             Amanda Harvey
                                                             Texas Bar No.: 24046038
                                                             *Attorneys for Defendant*
                                                             SOUTHWESTERN HEALTH RESOURCES
                                                             1452 Hughes Rd Suite 200
                                                             Grapevine, TX 76051
                                                             Tel: (267) 930-1697
                                                             aharvey@mullen.law

TO:    MCGUIRE LAW, P.C.
       Attorneys for Plaintiff
       55 W. Wacker Drive, 9th Floor
       Chicago, IL 60601
       Tel: (312) 893-7002
       eturin@mcgpc.com
       Thysinger@mcgpc.com

       WICKES LAW, PLLC
       Attorneys for Plaintiff Brian Brumley,
       individually and on behalf of similarly situated
       individuals (the Putative Class)
       5600 Tennyson Parkway, Ste. 205
       Plano, Texas 75024
       Tel: (972) 473-6900
       pwickes@wickeslaw.com